UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. _____

**ESTATE OF IAN SOUSIS**                                                                                    **PLAINTIFFS**
   James O'Brien, in his capacity as Executor
   Rhonda O'Brien, in her capacity as Executrix

**JAMES O'BRIEN, individually**
   As grandparent of Ian Sousis

**RHONDA O'BRIEN, individually**
   As grandparent of Ian Sousis

**ANTHONY SOUSIS, individually**
   As brother of Ian Sousis

**OLIVIA SOUSIS, individually**
   As sister of Ian Sousis

v.                                              **COMPLAINT**

**COMMONWEALTH OF KENTUCKY**                                                        **DEFENDANTS**
   Cabinet For Health and Family Services

**CHILDREN'S HOME OF NORTHERN KENTUCKY**

**UNKNOWN EMPLOYEES**
   Of CHILDREN'S HOME OF NORTHERN KENTUCKY

**JESS FARMER**
   Individually and in his official capacity as
   Employee of the Defendant Commonwealth
   of Kentucky

**CYNTHIA HILDERBRAND**
   Individually and in her official capacity as
   Employee of the Defendant Commonwealth
   of Kentucky

**CHRISTINA JOHNSON**
   Individually and in her official capacity as
   Employee of Northern Kentucky Children's
   Home

## JURISDICTION

At all times relevant, the Plaintiff was a resident of the Commonwealth of Kentucky residing in Lincoln County, Kentucky. The Estate of Ian Sousis brings this action pursuant to 42 U.S.C. §1983 *et seq*. To redress the deprivation by Defendants under color of state law of the rights and privileges and immunities secured by the States and Constitution of the United States. Specifically, the Plaintiffs allege that Defendants in this action acting under color of state law and acting recklessly in a gross and negligent manner and with deliberate indifference to Plaintiff's rights and privileges and immunities failed to protect the Plaintiff from harm, failed to provide Plaintiff with protective case worker service and failed to take reasonable steps to provide the Plaintiff's safe and reasonable supervision and care.

The action is brought pursuant to 28 U.S.C.A. § 1343, 29 U.S.C.A. 1331, and 42 U.S.C. § 1983.

The Plaintiffs also bring this action for gross negligence and failure to adequately train staff and supervise against the Defendant Northern Kentucky Children's Home under state law.

## FACTS

1. The Plaintiff, Ian Sousis (hereinafter "Ian"), was born on September 26, 2012. The Plaintiff resided in Lincoln County Kentucky with his Grandparents, James O'Brien and Rhonda O'Brien (hereinafter "Grandparents"). The Plaintiff's brother, Anthony Sousis, also resided in the Lincoln County residence with Olivia Sousis, the sister of Plaintiff Ian Sousis.

2. On or about, July 01, 2021 the Plaintiff, Ian Sousis, was temporarily committed to the Defendant Commonwealth Kentucky Cabinet of Health and Family Services by Order of Lincoln Family Court.

3. From that date, the Plaintiff resided in Defendant Cabinet's approved placements, Our Lady of Peace, Home of the Innocents and Defendant Children's Home of Northern Kentucky.

4. Defendant Jess Farmer was the Plaintiff's assigned case worker by the Defendant Cabinet.

5. Defendant Cabinet, Farmer, and Cynthia Hilderbrand were specifically assigned to monitor the placement of Ian Sousis and to assure the Plaintiff's safety while in the state-provided residential placements.

6. Defendant Farmer was to visit Ian Sousis and monitor his activities in the state-approved placements.

7. Defendant Farmer was to regularly communicate with the Grandparents about Ian's placement and progress.

8. Defendant Farmer failed to visit, monitor the Plaintiff, or communicate with the Plaintiffs, Ian Sousis' Grandparents.

9. Defendant Farmer failed to visit or monitor the Plaintiff or communicate with the Grandparents pursuant to the Defendant Cabinet's regulations.

10. At all times relevant, Defendant Farmer was under the supervision of Defendant Hilderbrand.

11. At all times relevant, the Defendant, Christina Johnson, was employed at Defendant Northern Kentucky Children's Home.

12. On November 23, 2021, the Plaintiff's placement was changed from Our Lady of Peace, Louisville, Kentucky to Defendant Children's Home of Northern Kentucky.

13. It was well known at the time of Ian's placement at the Children's Home that he would need constant supervision in order to protect him from eloping.

14. The Plaintiff, Ian Sousis, eloped from the Defendant Children's Home on at least two (2) occasions: on one (1) incident, Ian was found near a local McDonald's, a distance away from the Children's Home; In the other incident, he was found in a nearby pond at Devoe Park.

15. The Defendant Cabinet was aware of the incidents but failed to take any action to protect the child from eloping from the campus.

16. On May 4, 2022, the Grandparents of Ian attended an Individual Education plan meeting at the Children's Home.

17. At that time, the Grandparents reminded the Defendant, Children's Home, that Ian would elope when given an opportunity.

18. The Grandparents also reminded the Committee members of statistics that show that over 80% of children diagnosed with autism experience drowning death.

19. On June 2, 2022, Ian was found by Defendant Simmons wearing his bathing suit.

20. On June 4, 2022, the Plaintiff, Ian Sousis, while residing at Defendant Children's Home of Northern Kentucky, was not being adequately supervised by Defendant Children's Home staff, including Defendants Simmons and Johnson.

21. The Plaintiff, Ian Sousis, again eloped from Defendant Children's Home campus without being detected by the Defendant Children's Home staff.

22. The Plaintiff was later found drowned in the nearby Ohio River.

23. The Plaintiff's Grandparents were appointed Executor and Executrix of the Estates of Ian Sousis on July 14, 2022.

24. This action is being brought on behalf of James O'Brien, Rhonda O'Brien, Ian Sousis' Grandparents, Ian's Brother, Anthony Sousis, and Ian's Sister, Olivia Sousis.

# COUNT I

### DENIAL OF PLAINTIFF IAN SOUSIS
### FOURTEENTH AMENDMENT RIGHTS
### ENFORCED BY 42 U.S.C. § 1983

25. The Plaintiffs incorporate Paragraphs 1-25 by reference.

26. The Fourteenth Amendment to the United States Constitution established the Plaintiff, Ian Sousis', right to equal protection and due process of law.

27. The Fourteenth Amendment is made applicable to the Commonwealth through 42 U.S.C. § 1983.

28. At all items relevant, while acting under color of state law, the Defendants Farmer and Hilderbrand acted recklessly and with gross negligence and with deliberate indifference after the Plaintiff was ordered in the custody of Defendant Cabinet of Families and Children and other named Defendants.

29. The Defendants acted grossly negligent, recklessly, and with deliberate indifference in one or more particulars:

    a. In failing to follow Defendant Cabinet regulations concerning the supervision and monitoring of a child's safety and well-being while in the care of Defendant Cabinet;

    b. In failing to monitor and provide adequate supervision in caseworker services to the Plaintiff Ian Sousis;

    c. In failing to respond to the Grandparents' concerns about the child's history of elopement and need for constant supervision;

    d. In failing to monitor the child's placement at Defendant Children's Home of Northern Kentucky;

    e.    In failing to communicate with the Grandparents on a regular basis in violation of Defendant's procedures.

30. As a result of the actions or inaction of the Defendants, the Plaintiff Ian Sousis eloped from the Children's Home and was found dead on June 4, 2022.

## COUNT II

### NEGLIGENCE

31. The Plaintiffs incorporate Paragraphs 1-31 by reference.

32. At all times relevant, the Defendants, including the Children's Home of Northern Kentucky Johnson, and Unknown Employees, in their individual capacity, had a duty to ensure that Ian Sousis would be safe within the home and with the caretakers which had been referred by the Defendant Cabinet.

33. The Defendants breached their duty to Plaintiff Ian Sousis by failing to monitor, supervise and protect the Plaintiff, Ian Sousis, while residing at the Children's Home of Northern Kentucky.

34. During the period of time on or about November 23, 2021, until June 4, 2022, the Plaintiff was not adequately supervised while at the Defendant Children's Home of Northern Kentucky.

35. As a result, Ian Sousis was allowed to elope from Defendant Children's Home on numerous occasions.

36. As a result, Ian Sousis was allowed to elope on June 4, 2022, and the child being unsupervised by Defendant Children's Home unknown staff, consequently drowned in the Ohio River.

37. As the direct result of the breach of duty of the Defendants, Ian Sousis experienced extreme pain and suffering, extreme mental anguish, and death, resulting in the total destruction of his earning capacity for which the Defendants are liable pursuant to KRS 446.770.

## COUNT III

### LOSS OF PARENTAL CONSORTIUM
### PURSUANT TO KRS 411.135

38. The Plaintiffs incorporate each of the allegations contained in paragraphs 1-38 by reference.

39. The Plaintiffs, James and Rhonda O'Brien, Anthony Sousis, and Olivia Sousis, in their individual capacity, allege that due to the conduct of Defendants Farmer, Hilderbrand, Johnson, and the unknown employees of the Children's Home, in their individual capacities, the Plaintiffs have been permanently deprived of the affection and companionship of their grandson and brother, Ian Sousis.

40. Therefore, the Plaintiffs, James and Rhonda O'Brien, Anthony Sousis, and Olivia Sousis, have been harmed and demand compensation.

## COUNT IV

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

41. The Plaintiffs incorporate paragraphs 1-41 by reference.

42. At all material times, Defendant Northern Kentucky Children's Home had a duty to use reasonable care to hire employees who were competent and fit to perform their duties.

43. At all material times, Defendant Northern Kentucky Children's Home and all other unknown Entity Defendants had a duty to properly train and supervise its employees and only retain those employees who were competent to fulfill their duties.

44. Defendant Northern Kentucky Children's Home and other unknown Entity Defendants knew or should have known that certain unknown Individual Defendant employees were not competent or fit to perform the duties required of them.

45. Defendant Northern Kentucky Children's Home and other unknown Entity Defendants knew or should have known that certain unknown Individual Defendant employees posed an unreasonable risk to the health and safety of its patient residents including the Plaintiff.

46. Defendant Northern Kentucky Children's Home and other unknown Entity Defendants breached their duties described herein. Said breach constitutes negligence, gross negligence, and is a proximate cause and/or substantial factor in the inquiries and wrongful death of Ian Sousis.

## COUNT V

### WRONGFUL DEATH
### KRS 411.130

47. The Plaintiffs incorporate each of the allegations contained in paragraphs 1-47 by reference.

48. Defendant Northern Kentucky Children's Home and unknown Individual Defendants are the proximate cause and/or substantial factor in the wrongful death of Ian Sousis.

49. Defendant Northern Kentucky Children's Home and unknown Entity Defendants and unknown Individual Defendants are liable for the damages to the Estate of Ian Sousis pursuant to KRS 411.130.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiffs incorporate each and every allegation of paragraphs 1-50 of this Complaint herein by reference.

51. On June 4, 2022, the Defendant Unknown Employees of the Northern Kentucky Children's Home and Defendant Johnson allowed the child to elope from the Defendant Northern Kentucky Children's Home.

52. It is the belief of the Plaintiff's that the child, Ian Sousis, eloped around 9:00 a.m. on June 4, 2022.

53. The Defendant Children's Home of Northern Kentucky failed to call the Plaintiffs, James and Rhonda O'Brien, when Ian Sousis was missing from the Children's Home.

54. The Plaintiffs, James and Rhonda O'Brien, only heard that the child, Ian Sousis, was missing from other sources.

55. The Defendants' conduct in not notifying the Plaintiffs, James and Rhonda O'Brien, was intentional and reckless.

56. The Defendants' conduct in not notifying the Plaintiffs, James and Rhonda O'Brien, was outrageous and intolerable in that it offends against a generally accepted standard of decency and morality.

57. The Defendants' conduct caused the Plaintiffs, James and Rhonda O'Brien, Anthony Sousis, and Olivia Sousis, extreme and severe emotional distress.

58. The conduct of the Defendants in not notifying the Plaintiffs of Ian Sousis' elopement on June 4, 2022, demands compensation for the intentional infliction of emotional distress.

WHEREFORE, THE PLAINTIFFS PRAY:

1. The Court accept jurisdiction over the Complaint;

2. Find that the Defendants Commonwealth of Kentucky Cabinet of Families and Children, Farmer, Hilderbrand, Johnson, and the unknown employees of the Children's Home violated the Plaintiff's rights under the Fourteenth Amendment made applicable to the states pursuant to 42 U.S.C. § 1983;

3. Find that the Defendants Commonwealth of Kentucky Cabinet of Families and Children, Farmer, Hilderbrand, Johnson, and the unknown employees of the Children's Home acted with negligence in his monitoring and supervision, resulting in his death on June 4, 2022;

4. Award the Estate of Ian Sousis damages for the Plaintiff's wrongful death;

5. Award the Plaintiffs James O'Brien, Rhonda O'Brien, Anthony Sousis, and Olivia Sousis damages for loss of consortium due to Ian Sousis' death;

6. Award the Plaintiffs compensatory damages for the extreme emotional and mental anguish, medical expenses past, present, and future;

7. Award Attorney fees and costs pursuant to 42 U.S.C. § 1988;

8. Summon a jury to address all issues;

9. Award the Plaintiffs any and all legal or equitable relief to which the Plaintiffs may be entitled.

Respectfully Submitted,

*/s/Edward E. Dove*
Edward E. Dove
201 W. Short Street
Suite 300
Lexington, KY 40507
P- 859-252-0020
F- 859-258-9288
eddove@windstream.net
*Attorney for Plaintiffs*